DU PONT DE NEMOURS INTERNA-
TIONAL S.A. and E. I. Du Pont De
Nemours & Co., Inc., Plaintiffs,

v.

S.S. MORMACVEGA, her engines, boil-
ers, etc. and Moore-McCormack Lines,
Inc., Defendant.

68 Civ. 3102.

United States District Court,
S. D. New York.

May 14, 1970.

Hill, Rivkins, Warburton, McGowan &
Carey, New York City, for plaintiffs,
J. Edwin Carey, New York City, of coun-
sel.

Browne, Hyde & Dickerson, New York
City, for defendant, John H. Reilly, Jr.,
New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This is a motion by plaintiffs for sum-
mary judgment pursuant to Rule 56, Fed.
R.Civ.P.

It appears that plaintiffs shipped two
containers containing drums of teflon
from the Port of New York to northern
Europe on board the S.S. MORMAC-
VEGA under a clean bill of lading which
gave no notice that the containers were
to be carried as deck cargo. The con-
tainers were stowed on deck and washed
overboard in rough weather during the
transatlantic voyage.

Plaintiffs claim that defendant is li-
able for full damages without limitation
as a matter of law, because the carrier
deviated from the contract of carriage
by stowing the cargo on deck.

Defendant contends that the case is not
ripe for summary judgment because,
among other issues, there is a clear issue
of fact as to the existence of an estab-
lished custom in the Port of New York
of carrying containerized cargo on the
weather deck of container ships regard-
less of a clean bill of lading.

It seems clear enough that in the
case of general cargo ships, deck stowage
under a clean bill of lading which results
in a loss of, or damage to, the cargo is

 

an impermissible and unauthorized deviation from the contract of carriage rendering the carrier liable for full damages.[1]

 Whether this is so in the case of a container ship is not so clear, but the *Encyclopaedia Brittanica* case, upon which plaintiffs primarily rely, implies that a container ship "specially outfitted safely to stow containers on deck" may not be liable for deviation despite a clean bill of lading importing underdeck stowage when cargo shipped in containers is stowed on deck and damaged or lost as a result, if there is an established custom in the port permitting such ships to stow on deck.[2] If there is such a custom for container ships, we think the bill of lading will be presumed to have been issued subject to it, and the shipper may not claim liability on the part of the carrier for losses resulting from on-deck stowage.[3]

There is a conflict in the affidavits as to whether the S.S. MORMAC-VEGA is a container ship specially outfitted safely to stow containers on deck and as to the existence of the alleged custom. It appears that there are also issues as to whether the containers involved were packages as specified in Section 4(5) of the Carriage of Goods By Sea Act[4] and whether there was an express agreement in the instant case for underdeck stowage of the containers in question.

Plainly, these are issues of fact which cannot be resolved on this motion for summary judgment but must await full development upon a plenary trial.

It is regrettable that this simple case cannot be disposed of on this motion, but without a stipulation of the underlying facts, summary judgment would rest on quicksand.[5]

Accordingly, plaintiffs' motion for summary judgment is in all respects denied.

1. Encyclopaedia Britannica, Inc. v. S.S. Hong Kong Producer, 422 F.2d 7, 2d Cir., 1969. See S.S. Willdomino v. Citro Chem. Co., 272 U.S. 718, 47 S.Ct. 261, 71 L.Ed. 491 (1927); St. John's N. F. Shipping Corp. v. S.A. Companhia Geral Commercial Do Rio De Janeiro, 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201 (1923); Jones v. The Flying Clipper, 116 F.Supp. 386 (S.D.N.Y.1953).

2. Encyclopaedia Britannica, Inc. v. S.S. Hong Kong Producer, *supra*, 422 F.2d at n. 12.

3. Encyclopaedia Britannica, Inc. v. S.S. Hong Kong Producer, *supra*, 422 F.2d 7, 1969 A.M.C. at 1755. See St. John's N. F Shipping Corp. v. S.A. Companhia Geral Commercial Do Rio De Janeiro, *supra*; The Delaware, 81 U.S. [14 Wall.] 579, 605, 20 L.Ed. 779 (1871).

4. 46 U.S.C. § 1304(5).

5. Perma Research & Dev. Co. v. Singer Co., 308 F.Supp. 743 (S.D.N.Y.1970); Boston & M. R. R. v. Lehigh & N. E. R. R., 188 F.Supp. 486 (S.D.N.Y.1960), appeals dismissed per curiam, 287 F.2d 678 (2d Cir. 1961).